Robert Tauler (SBN 241964)
Tauler Smith LLP
11111 Santa Monica Blvd., Suite 500
Los Angeles, California 90025
Telephone: (310) 590-3927
rtauler@taulersmith.com

Attorneys for Plaintiff
NUTRITION DISTRIBUTION LLC

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NUTRITION DISTRIBUTION LLC, an Arizona Limited Liability Company,<br><br>　　　　　Plaintiff,<br>vs.<br><br>PEAK NUTRITION LLC, a Missouri LLC; PEAK NUTRITION GROUP LLC, a Missouri LLC; PEAK NUTRITION ARNOLD LLC, a Missouri LLC; PEAK NUTRITION NORTH COUNTY, LLC a Missouri LLC, PEAK NUTRITION CHESTERFIELD, LLC a Missouri LLC; PEAK NUTRITION CREVE COEUR, LLC a Missouri LLC; PEAK NUTRITION KIRKWOOD, LLC a Missouri LLC; PEAK NUTRITION O'FALLON, LLC, a Missouri LLC; PEAK NUTRITION St. PETERS, LLC, a Missouri LLC; and DOES 1 through 10, inclusive,<br><br>　　　　　Defendants. | CASE NO.　'16CV1967 AJB KSC<br><br>**COMPLAINT FOR FALSE ADVERTISING IN VIOLATION OF THE LANHAM ACT § 42 (a)(1)(B))**<br><br>**[DEMAND FOR A JURY TRIAL]** |

COMPLAINT

Plaintiff Nutrition Distribution, LLC, dba Athletic Xtreme ("ND" or "Plaintiff"), by and through its undersigned attorneys, submits this Complaint against defendant Peak Nutrition, LLC, Peak Nutrition Group, LLC, Peak Nutrition Arnold, LLC, Peak Nutrition North County, LLC, Peak Nutrition Chesterfield, LLC, Peak Nutrition Creve Coeur LLC, Peak Nutrition Kirkwood LLC, Peak Nutrition O'Fallon LLC, Peak Nutrition St. Peters LLC ("Peak Nutrition" or "Defendant"), and in support thereof, avers as follows:

## INTRODUCTION

1.     This is a civil action arising out of Defendant's false and misleading advertising in connection with several products offered for sale on its website and through its retail stores, including various misbranded "dietary supplements." For example and without limitation, Defendant is unlawfully advertising, marketing, distributing, and offering for sale products containing various "Selective Androgen Receptor Modulators" ("SARMs"), including but not limited to, "Modern Warrior Ostarine," "Modern Warrior Grow Cycle Elite," "Modern Warrior Shredded Cycle Elite," and "Modern Warrior LGD" (collectively, the "SARMs Products").

2.     SARMs, like Ostarine and LGD-4033, are synthetic drugs intended to have similar effects as illegal anabolic steroids. Consequently, there is a growing epidemic of online retailers, like Defendant, selling SARMs (and other illicit and misbranded drugs) to bodybuilders, competitive athletes, fitness enthusiasts, and other consumers seeking to enhance their physiques and physical performance.

3.     However, SARMs pose significant health and safety risks to consumers. As demonstrated below, SARMs have many recognized serious side effects, including hepatoxicity (liver damage) and markedly lower plasma HDL cholesterol (raising the risk of heart disease).

4.     Despite the foregoing, Defendant has purposely made false and misleading statements concerning its SARMs Products, including marketing and mislabeling such products as natural "dietary supplements" and misrepresenting to consumers that such

**COMPLAINT**

products are safe and without adverse health and safety consequences. Indeed, Defendant fails to disclose any of the recognized side effects of consuming SARMs.

5.   Instead, Defendant touts numerous purported health and physical benefits of its SARMs Products. For example, Defendant promises consumers that by using its "Modern Warrior Ostarine" product, "You will be able to burn fat and build muscle on this product, and keep your joints healthy. This is the perfect product for someone who is looking to cut up, but is scared of losing their strength and size." Defendant also claims that this is "the premier product for preventing muscle loss while cutting, preserving strength in a caloric deficit & building lean muscle tissue." Defendant further represents that with its product, "you can finally get that rock hard look & keep your strength in the process."

6.   Similarly, Defendant claims that its "Modern Warrior LGD" product "is the most superior Sarm for putting on lean muscle mass and intensifying strength gain." Defendant also claims that its product "helps give you that thick muscular physique, all while increasing the body's ability to build new muscle tissue, and promoting the greatest strength gains you have ever had." Defendant further represents to consumers that "LGD is for anyone looking to increase in size, strength, and definition."

7.   Contrary to Defendant's representations, SARMs are not legal as ingredients in any type of dietary supplement. In fact, SARM drugs are still in the research and testing phases and are currently undergoing investigation and development from a number of pharmaceutical companies. Accordingly, products containing SARMs are not recognized among experts as safe and effective for use under the conditions suggested by Defendant and may pose significant potential health and safety risks to consumers.

8.   Indeed, medical experts have opined that products containing SARMs "have ***many recognized potential serious side effects***, including hepatoxicity (liver damage), and markedly lower plasma HDL cholesterol (raising the risk of heart disease)," and may have even more serious consequences that are currently unknown. In fact, since Ostarine

**COMPLAINT**

is only in phase II clinical trials, medical experts have emphasized that there is "<u>no evidence that Ostarine is safe for humans to consume</u>." Thus, medical experts have concluded that the sale of products containing SARMs, like Defendant's SARMs Products, is "***highly dangerous to public safety***." (Emphasis added.)

9. Moreover, Defendant fails to disclose that SARMs are specifically prohibited for use in sporting events by the World Anti-Doping Agency and the U.S. Anti-Doping Agency, despite the fact that Defendant specifically markets its products to body builders and other competitive athletes.

10. Defendant has knowingly and materially participated in a false and misleading advertising campaign to promote and sell its SARMs Products. Defendant's continuing false, misleading, illegal and deceptive practices have violated the Lanham Act and have unjustly enriched Defendant at the expense of Plaintiff, and have caused Plaintiff extensive and irreparable harm, including but not limited to, loss of revenue, disparagement, and loss of goodwill.

11. Among other things, this action seeks to enjoin Defendant from the marketing and sale of any and all products containing SARMs, as Defendant is illegally and falsely marketing such products in violation of the Lanham Act.

## JURISDICTION AND VENUE

12. This Court has subject matter jurisdiction over this action pursuant to 15 U.S.C. § 1121 and 28 U.S.C. § 1331 (federal question jurisdiction) and 28 U.S.C. 1332 (diversity jurisdiction) because Plaintiff asserts causes of action arising under federal law and the parties are citizens of different states and the controversy exceeds the value of $75,000.

13. This Court has personal jurisdiction over Defendant because it has, directly or through its intermediaries (including distributors, retailers, and others), developed, licensed, manufactured, shipped, distributed, offered for sale, sold, and advertised its nutritional supplement products in the United States, the State of California, and this

district, including but not limited to, the products containing SARMs.  Defendant has purposefully and voluntarily placed these products into the stream of commerce with the expectation that they will be purchased in this district.

14. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions which gave rise to the claim occurred in this district.  *Allstar Marketing Group, LLC v. Your Store Online*, LLC, 666 F. Supp. 2d 1109, 1128 (C.D. Cal. 2009).  Alternatively, venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(3).

## PARTIES

15. Plaintiff Nutrition Distribution, LLC, dba Athletic Xtreme ("ND" or "Plaintiff") is an Arizona limited liability company with its principal place of business at 14215 N. 8th Place, Phoenix, Arizona, 85022.

16. Defendant Peak Nutrition, LLC is a Missouri Limited Liability Company.

17. Defendant Peak Nutrition Group, LLC is a Missouri Limited Liability Company.

18. Defendant Peak Nutrition Arnold, LLC is a Missouri Limited Liability Company.

19. Defendant Peak Nutrition North County, LLC is a Missouri Limited Liability Company.

20. Defendant Peak Nutrition Chesterfield, LLC is a Missouri Limited Liability Company.

21. Defendant Peak Nutrition Creve Coeur LLC is a Missouri Limited Liability Company.

22. Defendant Peak Nutrition Kirkwood LLC is a Missouri Limited Liability Company.

23. Defendant Peak Nutrition O'Fallon LLC is a Missouri Limited Liability Company.

**COMPLAINT**

24.     Defendant Peak Nutrition St. Peters LLC is a Missouri Limited Liability Company.

25.     Plaintiff is ignorant of the true names and capacities of defendants sued herein as Does 1- 10, inclusive, and therefore sued these defendants by such fictitious names.  Plaintiff will amend this Complaint to allege their true names and capacities when ascertained.  Plaintiff is informed and believes and thereon alleges that each of these fictitiously named defendants is responsible in some manner for the occurrences herein alleged, and that Plaintiff's injuries as herein alleged were proximately caused by the aforementioned defendants.

## FACTUAL ALLEGATIONS

26.     The nutritional supplement industry is one of the fastest growing and most lucrative in the United States.  A recent Forbes article estimates that nutritional supplement sales accounted for $32 billion in revenue in 2012 and predicts this number to grow to $60 billion within ten years.  The growth and size of the nutritional supplement market and the relatively low barriers to entry provide perverse incentives for unfair competition prohibited by the Lanham Act and other illegal activity.

### Plaintiff Nutrition Distribution & "Advanced PCT"

27.     Plaintiff is a cutting edge sports supplement manufacturer and marketer.  From its inception, Plaintiff was a leader in the nutritional supplement market, specifically for bodybuilding.

28.     Plaintiff has products in several categories of body building products, including pre-workouts, muscle-gainers, fat burners and male performance enhancement.

29.     Around 2008, Plaintiff began developing a new product in the muscle-gainer sub-market of the nutritional supplement world.

30.     After devoting its resources for over a year on product development and testing, Plaintiff introduced "Advanced PCT" in July 2009.

### Defendant's SARMs Products

**COMPLAINT**

31. Defendant Peak Nutrition is a competing nutritional supplement company in Missouri.

32. On its website and through other promotional materials, Defendant touts numerous purported benefits of its various SARMs Products, which are mislabeled as "dietary supplements." In truth, SARMs are synthetic drugs intended to have the same kind of effects as androgenic drugs like illegal anabolic steroids. Critically, SARMs are not legal as ingredients in any type of dietary supplement.

33. SARM drugs are still in the research and testing phases and are currently undergoing investigation and development from a number of pharmaceutical companies. Accordingly, products containing SARMs are not recognized among experts as safe and effective for use under the conditions suggested by Defendant and may pose significant potential health and safety risks to consumers.

34. Defendant has falsely marketed and advertised its SARMs Products, giving consumers the massive gains of illegal steroids and a false sense of security regarding their safety. In reality, Defendant knew all along that its products were not recognized among experts as safe and effective for use under the conditions suggested by Defendant and may pose significant potential health and safety risks to consumers.

35. Defendant's false and misleading advertising is harmful to the marketplace for dietary and nutritional supplements and potentially to individual consumers. Defendant has created an illegitimate marketplace of young bodybuilders who will gain muscle "at all costs," but who are not informed of the dangers of Defendant's products. Users of the SARMs Products have little incentive to use a natural product like Advanced PCT until they are hurt or the product is taken off the shelves.

## CLAIMS FOR RELIEF

### FIRST CLAIM FOR RELIEF

**(False Advertising in Violation of Section 43(a)(1)(B) of the Lanham Act)**

36.     Plaintiff incorporates the allegations contained in the foregoing paragraphs as though fully set forth herein in their entirety.

37.     On its website and through other promotional materials, Defendant has purposely made false and misleading statements concerning its SARMs Products, including marketing and mislabeling such products as natural "dietary supplements" and misrepresenting to consumers that such products are purportedly safe and have little to no adverse health consequences.  Indeed, Defendant fails to disclose any of the recognized side effects of using SARMs.

38.     Instead, Defendant touts numerous purported health and physical benefits of its various SARMs Products.  For example, Defendant promises consumers that by using its "Modern Warrior Ostarine" product, "You will be able to burn fat and build muscle on this product, and keep your joints healthy.  This is the perfect product for someone who is looking to cut up, but is scared of losing their strength and size."  Defendant also claims that it is "the premier product for preventing muscle loss while cutting, preserving strength in a caloric deficit & building lean muscle tissue."  Defendant further represents that with its product, "you can finally get that rock hard look & keep your strength in the process."

39.     In connection with its "Modern Warrior LGD" product, Defendant promises consumers that it "is the most superior Sarm for putting on lean muscle mass and intensifying strength gain."  Defendant also claims that its product "helps give you that thick muscular physique, all while increasing the body's ability to build new muscle tissue, and promoting the greatest strength gains you have ever had."  Defendant further represents to consumers that "LGD is for anyone looking to increase in size, strength, and definition."

40.     However, SARMs are not legal as ingredients in any type of dietary supplement.  In fact, SARM drugs are still in the research and testing phases and are currently undergoing investigation and development from a number of pharmaceutical

**COMPLAINT**

companies. Accordingly, products containing SARMs are not recognized among experts as safe and effective for use under the conditions suggested by Defendant and may pose significant potential health and safety risks to consumers.

41. Indeed, medical experts have opined that products containing SARMs "have ***many recognized potential serious side effects***, including hepatoxicity (liver damage), and markedly lower plasma HDL cholesterol (raising the risk of heart disease)," and may have even more serious consequences that are currently unknown. In fact, since Ostarine is only in phase II clinical trials, medical experts have emphasized that there is "<u>no evidence that Ostarine is safe for humans to consume</u>." Thus, medical experts have concluded that the sale of products containing SARMs, like Defendant's SARMs Products, is "***highly dangerous to public safety***." (Emphasis added.)

42. Moreover, Defendant fails to disclose that SARMs are specifically prohibited for use in sporting events by the World Anti-Doping Agency and the U.S. Anti-Doping Agency, despite the fact that Defendant specifically markets its products to body builders and other competitive athletes.

43. The use of such falsely marketed substances has the tendency to deceive a substantial segment of the public and consumers, including those in California, into believing that they are purchasing a product with different characteristics.

44. The deception is material because it is likely to influence a consumer's purchasing decision, especially if the consumer is concerned about the consequences of taking steroids or illegal substances.

45. Defendant has introduced its false and misleading statements into interstate commerce via marketing and advertising on its website and shipment of its products into interstate commerce containing false and misleading advertising.

46. Plaintiff has suffered both an ascertainable economic loss of money and reputational injury by the diversion of business from Plaintiff to Defendant and the loss

**COMPLAINT**

of goodwill in Plaintiff's products.  Indeed, Defendant's conduct is a black eye on the industry as a whole, and has the tendency to disparage Plaintiff's products and goodwill.

47. Defendant's actions, as described above, constitute false and misleading descriptions and misrepresentations of fact in commerce that, in commercial advertising and promotion, misrepresent the nature, characteristics, and qualities of its products in violation of Section 43(a)(1)(B) of the Lanham Act.

## PRAYER

Wherefore, Plaintiff Nutrition Distribution LLC prays for judgment against Defendant Peak Nutrition, Inc. as follows:

1. For preliminary and permanent injunctive relief enjoining Defendant from producing, licensing, marketing, and selling any product containing Selective Androgen Receptor Modulators ("SARMs");
2. For an award of compensatory damages to be proven at trial in accordance with 15 U.S.C. § 1117;
3. For an award of any and all of Defendant's profits arising from the foregoing acts in accordance with 15 U.S.C. § 1117 and other applicable laws;
4. For restitution of Defendant's ill-gotten gains;
5. For treble damages in accordance with 15 U.S.C. § 1117;
6. For punitive damages;
7. For costs and attorneys' fees; and
8. Any other relief the Court may deem appropriate.

DATED: August 4, 2016                    TAULER SMITH LLP


By: ___/s/ Robert Tauler_____
    Robert Tauler
    NUTRITION DISTRIBUTION LLC

**COMPLAINT**

## **DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a trial by jury.

DATED:  August 4, 2016                             TAULER SMITH LLP


                                                   By: ___/s/ Robert Tauler_____
                                                   Robert Tauler
                                                   NUTRITION DISTRIBUTION LLC

**COMPLAINT**